UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:11-mj-1070 |
| V. | ) | (SHIRLEY) |
| | ) | |
| GLENDON LLEWELLYN SWIFT | ) | |

ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT TO BAIL REFORM ACT

An initial appearance was held on Rule 5 proceedings on Criminal Complaint out of the Eastern District of Virginia, case number 3:11-mj-530, on November 3, 2011. Cynthia F. Davidson, Assistant United States Attorney was present representing the government, and Attorney Jonathan A. Moffatt, Federal Defender Services, was present representing the defendant. The Court advised the defendant of his preliminary hearing rights and Attorney Jonathan Moffatt orally waived the preliminary hearing in this district. The defendant was also advised by the court of Rule 20 and what it provides for. The court questioned the lack of issuance a warrant by the Court of the Eastern District of Virginia and the government responded that the defendant was arrested on probable cause and according to the case agent in the Eastern District of Virginia, they do not require a warrant in these types of cases and they do not feel the need for one. Attorney Moffatt stated to the court he wanted time to prepare for a detention hearing and time to discuss the prospects of a Rule 20 transfer with the AUSA and requested a detention hearing be set for next week. Attorney Jonathan Moffatt also requested that the case not be officially transferred today because of

the request for a detention hearing, and that there is an issue regarding the fact that an arrest warrant does not appear to have been issued. Rule 5(b) contemplates an arrest with a warrant, but requires a promptly filed criminal complaint. This appears to have been done as the Court was presented with the Criminal Complaint out of the Eastern District of Virginia. Rule 5(C)(3)(b) however, provides that "If a defendant is arrested without a warrant, a complaint meeting Rule 4(a)'s requirement of probable cause must be promptly filed in the district where the offense was allegedly committed." Because this Court was not aware of any warrant being issued by the Eastern District of Virginia (and upon proffer that one had not issued) this Court was unable to transfer the defendant to the Eastern District of Virginia at that time. Attorney Moffatt stated he also needed time to prepare for the detention hearing and that he wished to discuss other matters regarding defendant with the appropriate parties. The court does not believe the defendant can be transferred under the rule until there is a warrant and because the government is moving for detention and the defendant wants to have a detention hearing in this District, **the court set a Detention Hearing for Wednesday, November 9, 2011 at 3:00 p.m.** At the time of the detention hearing the transfer/warrant issue will also be resolved. The court also advised that under Rule 20, the court cannot consider or even entertain a Rule 20 transfer request, unless and until a warrant has been issued, Rule 20(a). **The defendant is remanded to custody of the US Marshal**, to be returned to this Court for the detention hearing is scheduled for **Wednesday, November 9, 2011 at 3:00 p.m.**, before the undersigned.

       It is therefore **ORDERED** that:

(1) Defendant be detained;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

IT IS SO ORDERED.

ENTERED:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge